# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RONTONIO B. CAMPBELL,

      Plaintiff,          :       Case No. 3:09-cv-095

                                                   District Judge Thomas M. Rose
      -vs-                          Magistrate Judge Michael R. Merz

                                :

CHILLICOTHE CORRECTIONAL
  INSTITUTION, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c). §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin). The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal for failure to state a claim is also well established:

> [A] complaint should not be dismissed for failure to state a claim
> unless it appears beyond doubt that the plaintiff can prove no set of
> facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Neitzke v. Williams,* 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Nishiyama v. Dickson Cty.*, 814 F.2d 277 (6th Cir. 1987)(en banc); *Collins v. Nagle*, 892 F.2d 489 (6th Cir. 1989).

The Complaint asserts that Plaintiff is being held in custody at the Chillicothe Correctional

Institution beyond the time when his sentence from the Montgomery County Common Pleas Court expired. He does not, however, seek habeas corpus relief from this Court, but rather monetary damages. As Defendant he has named the Chillicothe Correctional Institution, the Bureau of Sentence Computation of the Ohio Department of Rehabilitation and Corrections, and Montgomery County Assistant Public Defender Dennis Bailey.

Nothing in the Complaint states any claim against Mr. Bailey; Plaintiff in no way indicates how Mr. Bailey could possibly be responsible for his detention. The claim against Mr. Bailey should therefore be dismissed without prejudice for failure to state a claim upon which relief can be granted.

The two state agencies named in the Complaint are arms or agencies of the state of Ohio for carrying out criminal sentences. The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 2d 840 (1890); *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459, 65 S. Ct. 347, 89 L. Ed. 2d 389 (1945); *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).

Since the Complaint in this case seeks money damages from the state treasury of Ohio, this

Court lacks subject matter jurisdiction of the claims. Plaintiff's claims against the Chillicothe Correctional Institution and the Bureau of Sentence Computation should be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk is ordered not to issue process in this case pending further order of the Court.

March 9, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).